Arthur and Wilma Jacquillard v. Commissioner.
Jacquillard v. Commissioner
Docket No. 64751.
United States Tax Court
T.C. Memo 1957-200; 1957 Tax Ct. Memo LEXIS 52; 16 T.C.M. (CCH) 914; T.C.M. (RIA) 57200; October 21, 1957
*52 Held: Petitioners failed to establish that they furnished more than one-half the support of the claimed dependent so as to entitle them to a deduction therefor under the provisions of sections 151 and 152, I.R.C., 1954. Arthur Jacquillard, 3221 Cavanaugh Street, Cincinnati, Ohio, pro se. Vernon R. Balmes, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: The respondent determined a deficiency in the income tax of the petitioner for the calendar year 1954 in the amount of $132.00. The only issue is whether petitioner furnished more than one-half the support of the claimed dependent, Thomas E. Jacquillard, during the year 1954 so as to entitle them to a deduction therefor under the provisions of sections 151 and 152 of the Internal Revenue Code *53 of 1954. Findings of Fact Petitioners are husband and wife residing in Cincinnati, Ohio. They filed an income tax return for the calendar year 1954 with the director of internal revenue at Cincinnati, Ohio, wherein they claimed Thomas E. Jacquillard, son of Arthur C. Jaquillard and his former wife, Eulala Jacquillard, as a dependent. Respondent disallowed the claim. Thomas resided with his mother, Eulala Jacquillard, during the taxable year and was claimed by her as a dependent on her income tax return for that year. During the year 1954 petitioner Arthur C. Jacquillard furnished $520 toward the support of Thomas through the "Domestic Relations Court" of Kenton County, Kentucky. Petitioners failed to establish that they had furnished more than one-half the support of the claimed dependent during the year 1954. Opinion This is another case in which a petitioner, representing himself, has undertaken to establish his right to a dependency deduction for a minor child, residing with its divorced mother and not with petitioner during the taxable year, without establishing in any manner the total amount expended for the support of the child. It is conceded by respondent that petitioner *54 Arthur C. Jacquillard furnished $520 toward the child's support during the taxable year. There is no evidence whatsoever, however, as to the amount of support furnished by the child's mother or the total amount expended for the support of the child. Under the circumstances we are unable to say that petitioners furnished "over half" the support of the claimed dependent. The burden of proof was upon the petitioners and they have not sustained that burden. Accordingly we hold that petitioners have not established that they furnished more than one-half the support of the claimed dependent so as to entitle them to a deduction therefor under the provisions of sections 151 and 152 of the Internal Revenue Code of 1954. Decision will be entered for the respondent